UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ANDRE LEWIS,

    Plaintiff,

vs.

CASE NO.:

DISCOUNT PARKING FLL, LLC,
a Florida Limited Liability Company

    Defendant.

_____/

## COMPLAINT

Plaintiff, ANDRE LEWIS, (hereinafter "ANDRE LEWIS") by and through his undersigned counsel, pursuant to the Families First Coronavirus Response Act - Emergency Paid Sick Leave Act, H.R. 6201, 116th Cong. § 5102, et. seq. (2020), (hereafter "the FFCRA," "EPSLA," or "the Act") files his Complaint against Defendant, DISCOUNT PARKING FLL, LLC, a Florida Limited Liability Company (hereinafter "DISCOUNT PARKING"), and in support thereof, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action under the FFCRA and EPSLA, to correct and remedy unlawful employment practices and to make whole and compensate ANDRE LEWIS for having interfered with ANDRE LEWIS' established rights.

2. Congress enacted the FFCRA to protect employees affected by the COVID-19 pandemic.

3. Among the several protections enacted, the EPSLA of the FFCRA requires

employers to provide up to two weeks of paid sick leave and job protection for employees who, inter alia, are (a) subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

4. This is also an action for Breach of an Employment Contract Agreement by ANDRE LEWIS against DISCOUNT PARKING.

5. ANDRE LEWIS brings this action under the FFCRA/EPSLA and pursuant to his Employment Agreement to recover: (a) unpaid sick leave wages; (b) wages lost as a result of his unlawful termination; (c) compensatory damages for the emotional distress suffered as a result of losing his employment; and (d) liquidated and/or punitive damages to the fullest extent of the law.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action involves federal questions regarding the deprivation of ANDRE LEWIS' rights under the FFCRA and EPSLA, which are enforced through sections 15(a)(3), 16 and 17 of the FLSA, 29 U.S.C. §§ 216-217. See 29 C.F.R. § 826.150.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful practices complained of herein, occurred in this district. Additionally, this Judicial District is the location where the Employment Contract Agreement was entered into and where the DISCOUNT PARKING operates its cruise ship and airport parking business.

## THE PARTIES

8. At all times material hereto, ANDRE LEWIS resided in Sunrise, Broward County, Florida.

9. DISCOUNT PARKING is a corporation organized under the laws of Florida and registered and licensed to do business in the Broward County, Florida. At all times material hereto, DISCOUNT PARKING was and is engaged in the cruise ship and airport parking business.

10. ANDRE LEWIS has satisfied all conditions precedent to filing this action.

11. At all times material hereto, DISCOUNT PARKING, was ANDRE LEWIS' employer as that term is defined under the Act.

12. At all times pertinent hereto, DISCOUNT PARKING was ANDRE LEWIS' employer covered by the Act, because it was engaged in commerce or in an industry or activity affecting commerce who employed fewer than 500 employees, prior to the time period in which ANDREW LEWIS sought leave under the Act.

13. At all times material hereto, ANDRE LEWIS was an eligible employee entitled to leave under the Act, based on the fact that he (a) attempted to take paid sick leave for being unable to work due to experiencing symptoms of COVID-19, and (b) was employed by DISCOUNT PARKING for at least 30 calendar days prior to seeking to exercise his right to FFCRA leave.

## GENERAL ALLEGATIONS

14. ANDRE LEWIS worked for ProPark, a company based in New York as Senior Manager, in charge of Special Events Parking and other Parking Locations.

15. In and around March 2019, Propark entered into a contract with DISCOUNT PARKING to manage their cruise ship and airline parking business.

16. Propark transferred ANDRE LEWIS to Fort Lauderdale, Florida to mange the operations of DISCOUNT PARKING beginning April 1, 2019.

17. During the time period that he managed the operations of DISCOUNT PARKING, he did so as an employee of Propark and had a salary of $56,600.00.

18. Between March and August 2019, SCOTT DIAGAI, made a decision to terminate the relationship with Propark. As part of the termination agreement between Propark and DISCOUNT PARKING, Propark released ANDRE LEWIS from his contract with them.

19. At that time, Scott Diagai, the principal of DISCOUNT PARKING, asked ANDRE LEWIS to stay on and continue to manage the operations of DISCOUNT PARKING.

20. On August 8, 2019, ANDRE LEWIS and DISCOUNT PARKING entered into an Employment Contract Agreement, whereby ANDRE LEWIS was hired as the President of Operations for DISCOUNT PARKING. The Employment Contract Agreement was executed by Scott Diagai, as principal for the corporation. The Employment Contract Agreement is attached hereto as **Exhibit A**.

21. Section III (a) of the Employment Contract Agreement sets forth that ANDRE LEWIS was hired by DISCOUNT PARKING for a period of Three (3) years beginning on August 8, 2019 and ending on August 8, 2022.

22. As set forth in the Employment Contract Agreement in Section II., specifically, ANDRE LEWIS would manage relationships at all levels of the organization, interview, hire, develop, and manage performance and terminate staff as needed, and ANDRE LEWIS shall have the right to act in the capacity of the employer to include making written or verbal agreements with any customer, client, affiliate, vendor, or 3rd party.

23. Additionally, as set for in Section II of the Employment Contract Agreement, ANDRE LEWIS was expected to work on a full-time basis and was required to work at least 40 hours in a standard week.

24. As set forth in the Employment Contract Agreement in Section III. (b): "The Employer shall not have the right to terminate this Agreement without due cause. If Employer

should terminate the agreement without due cause before the end date, Employer shall be subject to a fine to be paid to the Employee in the amount of $65,000.00."

25. Section IV of the Employment Contract Agreement sets forth that ANDRE LEWIS was to be paid an annual salary of $85,000.00 and receive a Five Percent (5%) Commission on all contracts associated with DISCOUNT PARKING.

26. ANDRE LEWIS fulfilled all of the obligations and responsibilities that he was required to perform under the terms of the Employment Contract Agreement.

27. Upon assuming the position of President of Operations, ANDRE LEWIS entered into a contract with ADP, a payroll service company. Prior to running the first payroll, Scott Diagai approached ANDRE LEWIS and told him that until such time as the volume of business increased, he was to pay himself $56,600.00.

28. Notwithstanding the fact that the business volume increased exponentially almost immediately, despite the Employment Contract Agreement, DISCOUNT PARKING failed to authorize the increase in salary from $56,000.00 to $85,000.00. When ANDRE LEWIS inquired as to his agreed upon salary, Scott Diagai said he could begin drawing his agreed upon salary of $85,000.00 once DISCOUNT PARKING opened a new location in October 2019.

29. On or about, October 15, 2019, ANDRE LEWIS opened the new location of DISCOUNT PARKING at 2051 Griffin Road, Fort Lauderdale, Florida. After performing all of the duties and responsibilities required to open the new location, including signing all the contracts to get the new location operational, DISCOUNT PARKING again failed to pay ANDRE LEWIS the salary of $85,000.00 that was set forth in the Employment Contract Agreement.

30. In January 2020, ANDRE LEWIS spoke with Scott Diagai about the salary increase. On behalf of DISCOUNT PARKING, Scott Diagai offered ANDRE LEWIS a 25% share

of the company, stating that the contract would be delivered in a matter of weeks. ANDRE LEWIS was never provided with either the agreed upon salary of $85,000.00 or the newly promised 25% share of DISCOUNT PARKING.

31. In March 2020, due to the COVID-19 pandemic, DISCOUNT PARKING closed down one of its parking lots that served cruise ships. ANDRE LEWIS, as part of his duties as President of Operations of DISCOUNT PARKING, worked to secure a contract with Hertz for $44,000.00 per month to store their vehicles in that parking lot.

32. As part of ANDRE LEWIS' duties he was reviewing the bank statements and discovered that the Hertz deposit for the contract did not show up in any of the bank accounts associated with DISCOUNT PARKING.

33. When ANDRE LEWIS questioned Scott Diagai about this and other irregularities he discovered when reviewing the accounts, Scott Diagai became enraged and would not provide explanations for the discrepancies.

34. Continuing to abide by the terms of the Employment Contract Agreement, specifically as they related to his duties with regard to staff, at the direction of Scott Diagai, ANDRE LEWIS notified the staff and employees at DISCOUNT PARKING that effective March 19, 2020, as a direct result of the COVID-19 pandemic, DISCOUNT PARKING would be implementing a temporary layoff until June 1, 2020.

35. Ariel Golan, Scott Diagai's daughter's boyfriend, worked at the cruise ship parking lot. Scott Diagai instructed ANDRE LEWIS to move Ariel Golan to the Griffin Road location despite the layoffs of his fellow co-workers.

36. On or around March 28 and 29 of 2020, ANDRE LEWIS began to experience symptoms associated with the COVID-19 virus. Accordingly, he arranged to be seen by a physician on March 30, 2020 (Monday).

37. ANDRE LEWIS was advised by his physician that he should self-quarantine for a period of fourteen (14) days. ANDREW LEWIS advised DISCOUNT PARKING of his physician recommended self-quarantine and provided evidence of same.

38. During the time period he was sick and on physician-required quarantine, he was first advised that upon his return, his shift would now be changed from a day shift to the night shift (3pm -11pm). This was despite the fact that since the start of the Employment Contract Agreement on August 8, 2019, ANDRE LEWIS had worked tirelessly for 218 of the possible 245 days, with months straight without a single day off. ANDRE LEWIS was advised by Scott Diagai that his shift was changed to nights so that Ariel Golan could have the day shift.

39. When ANDRE LEWIS questioned the change in favor of Ariel Golan, ANDRE LEWIS was ordered by Scott Diagai to work the night shift or someone else would be replacing him. Scott Diagai further made certain that ANDRE LEWIS understood how Ariel Golan was being protected by Diagai stating via text on March 30, 2020 "if you forgot who Ariel is just let me know and I will remind you".

40. The following day, on March 31, 2020, while still on medically ordered quarantine as a result of his COVID-19 symptoms, without receiving any notice or justification, ANDRE LEWIS was terminated by DISCOUNT PARKING and locked out of the computer system.

41. ANDRE LEWIS did not receive any compensation for the period of time he was on his physician-ordered, fourteen (14) day self-isolation.

## COUNT I
### (Breach of Contract)

42. ANDRE LEWIS re-alleges and incorporates paragraphs 1 through 41 of this Complaint as set forth in full herein.

43. At all times material hereto, ANDRE LEWIS was employed by DISCOUNT PARKING as its President of Operations.

44. On June 3, 2019, ANDRE LEWIS entered into an Employment Agreement with DISCOUNT PARKING whereby ANDRE LEWIS was to be hired as the President of Operations for DISCOUNT PARKING's cruise ship and airline parking business for a Three (3) year period.

45. ANDRE LEWIS' Employment Agreement with DISCOUNT PARKING constituted a valid contract.

46. DISCOUNT PARKING locked ANDRE LEWIS out of the computer system while he was self-quarantined with symptoms related to COVID-19, and ultimately terminated ANDRE LEWIS without due or good cause.

47. Said termination was contrary to the terms as set forth in the Employment Contract Agreement and was in retaliation for ANDRE LEWIS being out on sick leave and for questioning the discrepancy in the DISCOUNT PARKING bank account regarding the receipt of payment from Hertz and his removal from the day shift in favor Scott Diagai's daughter's boyfriend, Ariel Golan.

48. The termination of the ANDRE LEWIS without cause constituted a material breach of the Employment Agreement.

49. As a result of DISCOUNT PARKING'S breach of ANDRE LEWIS' Employment Agreement, ANDRE LEWIS has suffered damages, including lost wages and benefits, mental anguish, loss of reputation, and loss of enjoyment of life. Additionally, ANDRE LEWIS has been

required to retain the services of the undersigned law firm and has incurred and will continue to incur reasonable attorney's fees and costs.

## COUNT II
### Unpaid Sick Leave in violation of FFCRA/EPSLA

50. ANDRE LEWIS incorporates and realleges paragraphs 1 through 41 of this complaint as if fully set forth herein.

51. At all times relevant hereto, ANDRE LEWIS was protected by the provisions of the FFCRA and EPSLA.

52. At all times relevant hereto, ANDRE LEWIS was entitled to eighty (80) hours of paid sick leave under the Act.

53. DISCOUNT PARKING denied ANDRE LEWIS protected paid sick leave under the Act.

54. DISCOUNT PARKING refused to pay ANDRE LEWIS for eighty (80) hours of paid sick time.

55. As a result of DISCOUNT PARKING's violation of the Act, it is considered to have failed to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206.

56. ANDRE LEWIS is entitled to recover minimum wage for eighty (80) hours of unpaid sick time, or $684.80.

57. As a result of DISCOUNT PARKING's willful violation of the Act, ANDRE LEWIS is entitled to an additional amount of $684.80 in liquidated damages.

58. Therefore, as a result of DISCOUNT PARKING's willful violation of the Act, ANDRE LEWIS is entitled to a total amount of $1,369.60 for damages in unpaid sick leave.

59. As a result of DISCOUNT PARKING's willful and unlawful violation of the Act,

ANDRE LEWIS was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

## COUNT III
### Retaliation or Interference in Violation of FFCRA/EPSLA

60. ANDRE LEWIS incorporates and realleges paragraphs 1 through 41 of this complaint as if fully set forth herein.

61. At all times relevant hereto, ANDRE LEWIS was protected by the provisions of the FFCRA and EPSLA.

62. At all times relevant hereto, ANDRE LEWIS was protected from unlawful discharge, discipline, or any other discriminatory manner taken against him under the Act.

63. The Act prohibits employers from discharging any employee because the employee took qualifying paid sick leave and requires an employer to restore an employee to the same or equivalent position after taking qualifying sick leave. 29 C.F.R. §§ 826.130(a), 826.150(a).

64. As a result of DISCOUNT PARKING's willful violation of the Act, it is subject to the penalties under the FLSA, 29 U.S.C. § 216(b).

65. As a direct result of DISCOUNT PARKING's willful conduct, ANDRE LEWIS has suffered loss of back pay, loss of future pay, loss of reputation in the community, and has been otherwise damaged in an amount to be proven at trial.

66. Therefore, as a result of DISCOUNT PARKING's willful violation of the Act, ANDRE LEWIS is entitled to recovery of lost future wages, recovery of his lost back wages to date, and an additional equal amount of lost wages in liquidated damages.

67. As a result of DISCOUNT PARKING's willful and unlawful violation of the Act, ANDRE LEWIS was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ANDRE LEWIS, prays that the Court enter judgment in his favor and against Defendant, DISCOUNT PARKING FLL, LLC containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of DISCOUNT PARKING complained of herein violate the laws of the United States;

B. An injunction and order permanently restraining DISCOUNT PARKING and their partners, officers, owners, agents, successors, employees and/or representatives, and any and all persons acting in concert with it, from engaging in any such further unlawful conduct, including the policies and practices complained of herein;

C. An award of damages against DISCOUNT PARKING, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, to compensate ANDRE LEWIS for all monetary and/or economic damages, including, but not limited to, loss of past and future income, wages, including overtime wages, compensation, seniority, and other benefits of employment;

D. An award of damages against DISCOUNT PARKING, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, to compensate ANDRE LEWIS for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his emotional distress;

E. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff, including, but not limited to, loss of income, earned bonus pay, reputational harm and harm to professional reputation, in an amount to be determined at trial, plus prejudgment interest;

F. An award of punitive damages, and any applicable penalties and/or liquidated damages in

  an amount to be determined at trial;

G. Prejudgment interest on all amounts due;

H. An award of ANDRE LEWIS' reasonable attorneys' fees and costs; and,

I. Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, ANDRE LEWIS, demands a trial by jury on all issues so triable.

Dated: June 12, 2020

          Respectfully submitted,

          **Sconzo Law Office, P.A.**
          3825 PGA Boulevard, Suite 207
          Palm Beach Gardens, FL 33410
          Telephone: (561) 729-0940
          Facsimile: (561) 491-9459

          By: **/s/ Gregory S. Sconzo**
          GREGORY S. SCONZO, ESQUIRE
          Florida Bar No.: 0105553
          JOSEPH G. SCONZO, ESQUIRE
          Florida Bar No.: 0508720
          **Primary Email:** greg@sconzolawoffice.com
          **Primary Email:** joe@sconzolawoffice.com